NOT FOR PUBLICATION                                         [Docket No. 18]

```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
                       CAMDEN VICINAGE
```

| | |
|---|---|
| RICHARD A. WILLIAMS,<br><br>    Plaintiff,<br><br> v.<br><br>ROWAN UNIVERSITY and<br>DONALD H. FARISH,<br><br>    Defendants. | Civil No. 10-6542 (RMB/AMD)<br><br><br><br>**OPINION** |

Appearances:

 Fredric J. Gross
 7 East Kings Highway
 Mt. Ephraim, NJ 08059
  Attorney for Plaintiff

 Jacqueline Augustine
 Office of the NJ Attorney General
 RJ Hughes Justice Complex
 PO Box 112
 Trenton, NJ 08625
  Attorneys for Defendant

**BUMB**, United States District Judge:

 Plaintiff Richard A. Williams (the "Plaintiff") is a former employee of Defendant Rowan University ("Defendant Rowan"). Through his Amended Complaint[1] (the "Amended Complaint"), he asserts causes of action related to alleged illegal retaliatory action and racial discrimination by Defendant Rowan and Defendant

---

[1]  For purposes of the motion to dismiss, the allegations in the Amended Complaint are accepted as true and construed in the light most favorable to Plaintiff. See Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

1

Donald H. Farish ("Defendant Farish"), the president of Rowan (collectively the "Defendants").  Defendants have moved to dismiss Plaintiff's federal causes of action based on statute of limitations grounds.[2]  For the following reasons, Defendants' motion is GRANTED, in part, and DENIED, in part.

I.   Background

Plaintiff is an African-American male who worked as Defendant Rowan's Equal Opportunity/Affirmative Action Officer. As part of his duties, Plaintiff drafted a proposed affirmative action plan for the University.  University counsel and Defendant Farish reviewed and approved the plan, which was then adopted by the University.

The plan was later produced in discovery in the matter of DeSanto v. Rowan University, Civ. No. 99-3952 (Orlofsky, J.). Plaintiff was subsequently subpoenaed to testify, and testified, at trial in the matter.  Plaintiff alleges that his testimony at trial was truthful.  The plaintiff in that matter prevailed at trial.

Following the trial, Defendant Farish called Plaintiff to a meeting, at which Plaintiff was blamed for the loss at trial. Plaintiff alleges that Defendants thereafter "embarked upon a series of retaliatory actions against Plaintiff" including:

---

[2] In briefing on the motion to dismiss, Plaintiff filed a sur-reply brief.  Plaintiff's filing of the sur-reply brief, without permission of the Court, was improper under the Local Rules. Plaintiff is cautioned that, going forward, he is to obtain this Court's permission before filing any supplemental briefing.

    (1)   denying Plaintiff a pay raise in December 2002;

    (2)   denying Plaintiff a pay raise in December 2003;

    (3)   reassigning Plaintiff's duties to an interim affirmative action officer while he was out on sick leave from November 15, 2006 through late January 2007 and from February 7, 2007 until March 26, 2007; and

    (4)   when Plaintiff returned from sick leave, Rowan's Vice President told Plaintiff he should leave the University by June 30, 2007.

In late April 2007, Plaintiff met with Defendant Farish to discuss the fact that the planned termination of Plaintiff would prevent Plaintiff from receiving retirement health benefits, which Plaintiff needed to work one more year to secure. The next month, in late May 2007, Defendant Farish told Plaintiff to report to Eric Clark, Dean of Rowan's Camden campus, and retire in December 2008. When Plaintiff asked what would happen if he did not want to retire in December 2008, Defendant Farish indicated his retirement could be renegotiated, and told Plaintiff to meet with Farish before June 30, 2008 if Plaintiff wanted to renegotiate this arrangement.

On July 1, 2007, Plaintiff was demoted to an Equal Opportunity Fund ("EOF") Counselor at the Camden campus. Almost one year later, in early June 2008, Plaintiff called the President's Office to discuss working another year in Camden. Plaintiff's overture was rejected. Defendant Farish indicated that the newly appointed Assistant Provost of the Camden campus, Dr. McCombs, "was going in another direction."

Plaintiff claims, as a fifth act of reprisal, that Defendant Farish directed Plaintiff to send in his retirement letter. Plaintiff reluctantly complied, tendering his resignation. Plaintiff subsequently learned that, under the collective bargaining agreement, he had the right to withdraw his retirement letter up until the effective date of the proposed retirement if his position still existed.  Knowing that the EOF Counselor position continued to exist, Plaintiff forwarded a letter to Defendant Farish, retracting his pending retirement, on September 12, 2008.  Plaintiff claims that, in contravention of the operative Collective Bargaining Agreement and relevant retirement policy and practice, the University, by and through Defendant Farish, refused to honor Plaintiff's retraction and forced Plaintiff into retirement as of December 31, 2008.

Defendants communicated their denial to Plaintiff in a letter dated October 16, 2008.[3]  The letter reads:

---

[3] Though the letter was not attached to the Amended Complaint, and was instead attached to Defendants' moving papers, this Court may consider it because it forms the basis of one of Plaintiff's claims of retaliation and, notably, Plaintiff does not dispute its authenticity. Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004)("In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents the form the basis of a claim."); In re Donald J. Trump Casino Sec. Litig.-Taj Mahal Litig., 7 F.3d 357, 368 n. 9 (3d Cir. 1993)("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.")(quotation and citation omitted).

4

> Dear Mr. Williams:
>
> This is in response to your letter, dated September 12, 2008, seeking to recontract for another year. Unfortunately, recontracting for another year is not possible. I must inform you that as previously agreed, your last day of employment at Rowan will be December 31, 2008.
>
> As you know, you were provided with a terminal contract ending on December 31, 2008. My letter to you, dated June 5, 2007 confirmed that you will leave University employment on that date. By letter, dated July 25, 2007, you confirmed your understanding of the arrangement. You indicated that you would let me know by June 30, 2008 if you requested a renegotiation of your continuation at Rowan beyond December 31, 2008.
>
> I received a letter from you, dated June 26, 2008, stating your "formal indication" that you would be leaving Rowan effective December 31, 2008. In reliance on your letter, your name was forwarded to the Board of Trustees as part of personnel actions. The Board formally accepted your retirement from Rowan University at its September 10, 2008 meeting.
>
> I wish you well in your retirement.
>
> Very truly yours,
>
> Donald J. Farish
> President

Plaintiff alleges that the denial was another unlawful retaliatory action and additionally, because Defendants had permitted non-African American employees to withdraw from retirement in the past, an unlawful discriminatory action.

Plaintiff filed his initial complaint on December 16, 2010 and filed the Amended Complaint on May 26, 2011.

II. <u>Standard</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

5

relief that is plausible on its face." Sheridan v. NGK Metals Corp., 609 F.3d 239, 263 n. 27 (3d Cir. 2010)(quoting Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 129 S.Ct. at 1949).

    The Court conducts a three-part analysis when reviewing a claim:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions are not entitled to the assumption of truth." Id. at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009)("...[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.").

III. Analysis

    The Complaint alleges two federal claims. First, Plaintiff claims that the series of retaliatory actions allegedly taken against him violate 42 U.S.C. § 1983 ("Section 1983"). Second, Plaintiff claims that Defendants' refusal to allow Plaintiff to

6

rescind his retirement violates 42 U.S.C. § 1981 ("Section 1981"), which, because there is no private right of action against state actors pursuant to Section 1981, he asserts via Section 1983. McGovern v. City of Philadelphia, 554 F.3d 114, 121-22 (3d Cir. 2009). Defendants have moved for dismissal of both claims based on the statute of limitations. The Court addresses each argument in turn.

  A. Plaintiff's Section 1983 Retaliation Claim

"Actions brought under [Section 1983] are governed by the personal injury statute of limitations of the state in which the cause of action arose." Marcum v. Harris, 328 F. App'x 792, 795 (3d Cir. 2009). In New Jersey, where this action arose, such actions must be brought within two years. Id. While state law provides the applicable time period for Section 1983 claims, federal law governs the accrual of the cause of action. Id. "Accrual occurs when . . . the plaintiff knew or should have known that his constitutional rights had been violated." Id. (quotation and citation omitted). Accrual is measured by notice of the affirmative acts that give rise to the claimed injury, not when the "lingering consequence[s]" of those decisions are felt. Id. Importantly, where an alleged act is "discrete," a cause of action based on that act accrues at the time the action occurred, even if the act is part of a continuing series of violations. O'Connor v. City of Newark, 440 F.3d 125, 128-29 (3d Cir. 2008). Otherwise untimely claims based on discrete actions "cannot be

7

resurrected by being aggregated and labeled continuing violations." Id. at 129.

Here, Plaintiff claims that a cause of action based on the Defendants' refusal to rescind his retirement request accrued when his retirement commenced on December 31, 2008. Plaintiff argues that: (1) suit on that decision is timely; and (2) the prior alleged retaliatory actions are part of the same continuing course of conduct by the Defendants, delaying accrual on those claims until December 31, 2008, and therefore timely. Plaintiff is incorrect on both counts.

Plaintiff's alleged forced retirement was only a lingering consequence of Defendants' earlier actions and therefore immaterial for statute of limitations purposes. Marcum, 328 F. App'x at 795; Delaware State College v. Ricks, 449 U.S. 250, 258 (1980)(recognizing that the "proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful.")(quotation and citation omitted)(emphasis in original). The latest alleged affirmative retaliatory action was Defendants' refusal to allow Plaintiff to withdraw his retirement. Plaintiff was informed of that refusal through Defendants' October 16, 2008 letter. Though the letter does not expressly indicate that Plaintiff's request to withdraw his retirement, made in his September 16, 2008 letter, was "denied," it nonetheless communicated that decision in no uncertain terms. It indicated that: (1) it was written "in

8

response to" Plaintiff's September 16, 2008 letter; (2) notwithstanding that letter, "recontracting for another year [was] not possible"; and (3) "as previously agreed, [Plaintiff's] last day of employment at Rowan [would] be December 31, 2008." Further, the letter wished Plaintiff "well in [his] retirement." At that time, Plaintiff knew or should have known that Defendants would not permit Plaintiff to withdraw his retirement and his constitutional rights had been violated.[4] Because that alleged retaliatory action occurred more than two years prior to the December 16, 2010 filing of this action, it is time-barred.

The untimeliness of this claim, the last alleged retaliatory action, is fatal to Plaintiff's claims of earlier retaliatory actions, even accepting Plaintiff's continuing violation theory. That theory too is incorrect. The retaliatory actions Plaintiff alleges – termination, demotion, denial of a pay raise, and reassignment of duties – are all discrete actions. O'Connor, 440 F.3d at 127 (listing similar actions as qualifying as discrete actions). For these claims, based on discrete actions, the statute of limitations began to run on accrual and was not tolled by later retaliatory actions. Id. at 129. Therefore, even if Plaintiff's claim based on the last alleged retaliatory action was timely (and it is not), it would not save Plaintiff's earlier claims, which all occurred more than two years prior to Plaintiff's filing of the Complaint on December 18, 2010.

---

[4] Significantly, Plaintiff does not claim that he failed to receive the letter in a timely fashion.

9

Because all of Plaintiff's claimed retaliatory actions are time-barred, Plaintiff's Section 1983 retaliation claim is dismissed.

B.  Plaintiff's Discrimination Claim

Defendants contend that, because Plaintiff's Section 1981 based claim is asserted through Section 1983, it too is subject to a two-year statute of limitations and must be dismissed. Plaintiff, however, argues that his claim is timely under 28 U.S.C. § 1658 ("Section 1658"), which provides for a four year statute of limitations for certain actions, and applies to his Section 1981 based claim.

Defendants claim that this statute of limitations issue was resolved in their favor by the Third Circuit's decision in McGovern v. City of Philadelphia, 554 F.3d 114 (3d Cir. 2009). In McGovern, the Third Circuit concluded that there was no independent Section 1981 claim against state actors and that any such claim must instead be asserted through Section 1983. McGovern, 554 F.3d at 121 ("[W]e hold that the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units.")(quotation and citation omitted). Because the plaintiff's claim in McGovern was premised solely on Section 1981, and was not asserted through Section 1983, the Court concluded that the plaintiff had failed to state a viable

10

cause of action.  Id. at 121-22.  Significantly, however, and contrary to the Defendants' position here, McGovern did not address the applicable statute of limitations had the plaintiff properly asserted his Section 1981 claims through Section 1983. See generally id.[5]  And, while at least one District Court in New Jersey was confronted with the same arguments presented here and

---

[5]   The statute of limitations for a Section 1981 based Section 1983 action was addressed in the Third Circuit's non-precedential opinion in N'jai v. Floyd, 386 F. App'x 141 (3d Cir. 2010).  There, the Third Circuit considered a *pro se* plaintiff's appeal of various civil rights claims, including a Section 1981 based Section 1983 claim.  N'jai, 386 F. App'x at 144. The Circuit Court concluded that, because the Section 1983 claim was untimely and the Section 1981 claim could only be asserted through Section 1983, it too was time-barred:

> N'Jai's claims against Wilkinsburg and the Wilkinsburg Individuals under §§ 1981, 1983, 1985, and 1986 are time-barred because they accrued, at the latest, in September 2005, when she was terminated from her job. . . . See McGovern v. City of Philadelphia, 554 F.3d 114, 120 (3d Cir.2009) (holding "that 'the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units' " (quoting Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 733, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989))); Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir.1993) (stating that Pennsylvania's two-year statute of limitations applies to § 1983 actions)).  Id.

There, unlike here, however, the Third Circuit does not appear to have been presented with the argument that Section 1658 may apply to a Section 1981 based Section 1983 claim.  See generally id.

11

agreed with the Defendants' reasoning (See <u>Barroso v. N.J. Transit Corp.</u>, No. 07-3978, 2011 WL 111577, at *4 (D.N.J. Jan. 13, 2011)), the Supreme Court's decision in <u>Jones v. R.R. Donnelly & Sons Co.</u>, 541 U.S. 369 (2004) compels this Court to conclude that Plaintiff's Section 1981 based Section 1983 claim is subject to Section 1658's four year statute of limitations.

In <u>Jones v. R.R. Donnelly & Sons Co.</u>, the Supreme Court examined the interaction of Section 1981 and Section 1658. <u>Jones</u>, 541 U.S. at 372. Section 1658 provides a "catch-all" four year statute of limitations for any federal civil action, arising under a federal law, that is enacted after December 1, 1990, and that does not contain its own statute of limitations. <u>Id.</u>; Section 1658 ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues."). The Supreme Court interpreted the term "arising under" broadly to mean any claims "made possible by a post-1990 enactment" and cautioned that it should <u>not</u> be read to mean "based solely upon." <u>Id.</u> at 382-83. The Supreme Court reasoned that this interpretation was consistent with Congress' intent, in enacting the statute, to address the confusion, discriminatory impact, and litigation costs associated with the prior "settled practice" of borrowing

state law statute of limitations for federal claims without their own statutes of limitations. Id. at 377-80.

Section 1981, originally codified in 1870 and recodified in 1874, was one such claim for which courts had engaged in limitation borrowing. Id. at 371-72. It was, however, amended in 1991 to expand the types of claims that could be asserted following the Supreme Court's decision in Patterson v. McLean Credit Union, 491 U.S. 164 (1989), which interpreted the claim narrowly. Id. at 372-73. Prior to the amendment, claims under Section 1981 were confined to claims based on "the formation of a contract" and claims of deprivation of access to "legal process." Patterson, 491 U.S. at 177-78. It did not extend to claims based on discriminatory treatment post-formation. Id. The amendment, however, extended protection to claims based on discriminatory treatment post-formation. Jones 541 U.S. at 383. Applying the broad interpretation of "arising under" described above, the Supreme Court held in Jones that causes of action made possible by that amendment, which was enacted after December 1, 1990, were subject to Section 1658's four year statute of limitations. Id. at 383. Causes of action that were previously possible under Section 1981 were subject to the state law borrowing analysis. Id.

13

Unlike in <u>Jones</u>, where the plaintiff directly asserted a Section 1981 claim, Plaintiff here is asserting his Section 1981 claim through Section 1983. And, ordinarily, causes of action under Section 1983, because that statute has not undergone meaningful revision for this purpose post December 1, 1990, are not subject to Section 1658. <u>Ortiz v. City of New York</u>, 10 Civ. 3576, 755 F. Supp. 2d 399, 408 (E.D.N.Y. 2010). But the same reasoning that controlled in <u>Jones</u> controls here, warranting application of Section 1658's four year statute of limitations. By its plain language, Section 1658 applies to all acts of Congress enacted after December 1, 1990, "[e]xcept as otherwise provided by law". Section 1658. Neither Section 1981, nor Section 1983, nor any other statute, contain any language imposing a contrary statute of limitations on Section 1981 and Section 1983 claims. <u>Ortiz</u>, 755 F. Supp. 2d at 407-08. Therefore, Section 1658 applies if the cause of action here "arises under" a post December 1, 1990 amendment. It does.

Plaintiff's cause of action is predicated on post-formation conduct. Therefore, though it is denominated as a Section 1983 claim, it is only made possible through a post December 1, 1990 amendment to Section 1981. <u>Id.</u> at 408. Plaintiff's claim therefore arises under a post December 1, 1990 act and is subject to Section 1658's four year statute of limitations. <u>Baker v.</u>

14

Birmingham Bd. of Educ., 531 F.3d 1336, 1338 (11th Cir. 2008); Allstate Sweeping, LLC v. City and County of Denver, No. 10-CV-00290, 2011 WL 6729334, at *4 (D.Colo. Dec. 23, 2011); Padilla v. City and County of Denver, No. 09-cv-02930, 2011 WL 3876589, at *12 (D.Colo. Sept. 2, 2011); Moore v. City of Jackson, Mississippi, Civ. No. 3:10cv454, 2011 WL 3022525, at *2 (S.D.Miss. July 22, 2011); Ortiz, 755 F. Supp. 2d at 407-08; Thomas v. City of Shreveport, No. 06-1078, 2008 WL 4291211, at *4 (W.D.La. Sept. 15, 2008); Knox v. City of Monroe, 551 F. Supp. 2d 504, 512 (W.D.La. 2008); Williams v. Hawkeye Community College, 494 F. Supp. 2d 1032, 1041 (N.D.Iowa 2007). That the claim cannot stand entirely on the post December 1, 1990 amendment to Section 1981 and instead also depends on Section 1983 is immaterial, given the Supreme Court's admonition that the "arising under" language not be read to mean "based solely upon." Williams, 494 F. Supp. at 1041; See also City of Rancho Palos Verdes, Cal. v. Abrams, 544 U.S. 113, 123 n.5 (2005)(observing that Section 1658 "would seem to apply" to a Section 1983 claim predicated on the violation of a federal law passed after December 1, 1990)[6].

---

[6] The court in Ortiz viewed subsequent language in Abrams as undercutting this otherwise clear language. Ortiz, 755 F. Supp. 2d at 407-08. In Abrams, the parties contested the statute of limitations applicable to a cause of action under Section 1983 for a violation of a provision of the Telecommunications Act. Id. at 406. The provision provided its own statute of limitations

15

Because Plaintiff's Section 1981 based Section 1983 claim accrued within four years of Plaintiff's filing of the Complaint, it is not time-barred. Therefore, the Court declines to dismiss Plaintiff's Section 1981 based Section 1983 claim.

IV. Conclusion

---

and the defendant in Abrams argued that that limitations period controlled and that the longer limitations periods provided under Section 1983 and Section 1658 did not apply. Abrams, 544 U.S. at 124-25. The Supreme Court held, however, that the provision's statute of limitations did not displace the general rule applicable to Section 1983 actions that the statute of limitations for such actions does not depend on the underlying substantive right being asserted. Id. Neither, however, did it displace the potential applicability of Section 1658 because the provision's specific statute of limitations language applied solely to actions under that provision and not to other actions to enforce the rights created under the provision. Id. at 125. The Supreme Court's holding that the statute of limitations for Section 1983 claims does not depend on the underlying right being asserted could be taken to suggest disapproval of utilizing Section 1981's statute of limitations while formally making a Section 1983 claim. However, the prior and subsequent discussion by the Supreme Court of Section 1658's potential availability militate against that interpretation. The discussion in Abrams is best read as establishing the following. Section 1983 claims are generally subject to state law statutes of limitations, even when they are based on the violation of a federal statute that contains its own statute of limitations. However, as an exception to that general rule, these claims may be subject to Section 1658's statute of limitations where: (1) the federal statutory violation that makes possible the claim was enacted after December 1, 1990; and (2) the statute of limitations for the alleged violation is written narrowly, such that it is not intended to apply to "any action to enforce the rights created by" the statute. Abrams, 544 U.S. at 125.

For all these reasons, Defendants' motion to dismiss is DENIED, in part, and GRANTED, in part.  Plaintiff's Section 1983 retaliation claim is dismissed.  Plaintiff's Section 1981 based Section 1983 claim may proceed.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: March 9, 2012